Order Filed on July 16, 2018 by
Clerk U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

McCABE, WEISBERG & CONWAY, P.C.
By: Alexandra T. Garcia, Esquire (Atty. I.D.# ATG4688)
216 Haddon Ave., Suite 201
Westmont, NJ 08108
Attorneys for Mortgagee: Bayview Loan Servicing, LLC

In re:

Jose A Lago,

    Debtor.

Case No.: 17-34933-JKS

Chapter: 13

Judge: John K. Sherwood

**CONSENT ORDER RESOLVING BAYVIEW LOAN SERVICING, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: July 16, 2018**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

**Page 2**
Debtor: Jose A Lago
Case No: 17-34933-JKS
Caption of Order: CONSENT ORDER RESOLVING BAYVIEW LOAN SERVICING, LLC'S OBJECTION CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

THIS MATTER having been brought before the Court by Law Office of Michael P. Otto, LLP, attorneys for Debtor, Jose A Lago, upon the filing of a Chapter 13 Plan and Bayview Loan Servicing, LLC, by and through its attorneys, McCabe, Weisberg & Conway, P.C. having filed an Objection to the Confirmation of the Chapter 13 Plan, and the parties having subsequently resolved the differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order, and for cause shown, it is

**ORDERED** as follows:

1. Beginning March 1, 2018, and continuing each month that the Debtor is in active bankruptcy, Debtor is to make monthly mortgage payments in the amount of $3,273.43. The monthly mortgage payment is subject to change and shall be made directly by Debtor to Bayview Loan Servicing, LLC (hereinafter "Bayview") who is the first mortgage holder on real property owned by the Debtor located at 463 Edgar Rd, Elizabeth, NJ 07202.
2. Debtor must obtain a loan modification on or before September 31, 2018, or as extended by agreement of the parties.
3. The Trustee shall not pay Bayview's secured pre-petition arrearage claim in the amount of $177,143.18 (POC No. 5), or as amended by any subsequent Proof of Claim, while Debtor is seeking a loan modification. Debtor's Plan is funded in the amount of $8,532.00, which does not cover Bayview's total arrearage claim.
4. If the Debtor fails to obtain a loan modification by the September 31, 2018 deadline, or fails to make any monthly mortgage payment within thirty (30) days of the date the payments are due, then Bayview may move for an Order Vacating the Automatic Stay as to the Property by filing a Motion for Relief from the Automatic Stay.
5. Debtor is expected to submit the loss mitigation documents timely. If a completed application is not received, Bayview will be unable to complete a loss mitigation review on Debtor's account and the Debtor will be denied for a loan modification.

Page 3
Debtor: Jose A Lago
Case No: 17-34933-JKS
Caption of Order: CONSENT ORDER RESOLVING BAYVIEW LOAN SERVICING, LLC'S OBJECTION CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN
_____

6. If Debtor is approved for a loan modification capitalizing the pre-petition arrears, Debtor shall file a Motion to Approve Loan Modification with the Court. If the Motion to Approve Loan Modification is granted, the Debtor shall file a Modified Plan, together with amended schedule "J" reflecting Debtor's post loan modification budget, within 30 days of approval of the final loan modification.

7. If Debtor is denied for a loan modification, or if Debtor declines to accept the loan modification offered, Bayview will notify Debtor's attorney, and within 30 days of such notification the Debtor shall file: a) a Modified Plan to cure Bayview's total pre and post-petition arrears; b) a Modified Plan to surrender the property and provide relief from the automatic stay to Bayview; c) a Notice to Convert to a Chapter 7; or d) a Notice to Dismiss Case. If Debtor fails to take action after being denied, choosing to decline or defaulting on the modification, Bayview will move for Relief from the automatic stay, pursuant to paragraph four of this Order.

8. Debtor and Bayview by and through their counsel, consent to the entry of the within order. This Order shall be incorporated in and become part of any Order confirming Plan in the Debtor's Chapter 13 bankruptcy. Facsimile signature of Debtor's counsel shall be admissible where Bayview's counsel's signature appears in the original.

The undersigned hereby consent to the form, content and entry of the within Order:

_____ Date: 6/26/18
Michael P. Otto, Esq.
Law Office of Michael P. Otto, LLP
1030 Stelton Road
Suite 102
Piscataway, NJ 08854
*Counsel for Debtor*

_____ Date: 6/27/18
Alexandra T. Garcia, Esquire
McCABE, WEISBERG & CONWAY, P.C.
216 Haddon Avenue, Suite 201
Westmont, NJ 08108
*Counsel for Bayview Loan Servicing, LLC*